IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN C. BERKERY, SR.          :          CIVIL ACTION
                              :
       v.                     :
                              :
BENEFICIAL BANK, et al.       :          NO. 05-6170


MEMORANDUM AND ORDER

McLaughlin, J.                                    August 7, 2006


        The pro se plaintiff has sued Beneficial Savings Bank
("the Bank") and Rochelle Reithmeier, an officer of the Bank, for
allegedly furnishing false credit information to credit reporting
agencies, in violation of the Fair Credit Reporting Act ("FCRA"),
15 U.S.C. §§ 1681, et seq.[1]  The plaintiff has also asserted
claims for violations of the state consumer protection laws and
for common law fraud.  The defendants have moved for summary
judgment on all counts.

        The Court will grant the defendants' motion for summary
judgment on the FCRA claim because the plaintiff has not provided
any evidence to show that the defendants miscalculated the amount
he owed on his loan, or that they did not timely correct the
information they provided regarding the return of his car.  The
Court will decline to exercise pendent jurisdiction over the
plaintiff's state law claims.

_____

        [1]  The plaintiff incorrectly named the Bank as "Beneficial
Bank."

I.   Facts

        Viewing the evidence in the light most favorable to the
plaintiff, the Court finds the following facts.[2]  The plaintiff
borrowed $28,256.41 at a 10.9 percent interest rate from the Bank
in June 2002 to finance the purchase of a car.  Bank statements
reflect that the plaintiff still owed over $18,000 on the loan as
of August 2005.  The plaintiff believed that the loan balance
should have been no more than $14,000, but the Bank refused to
change it.  (Am. Compl. ¶¶ 9-10, Ex. C (10/7/05 Loan History
Recap), Ex. E (6/8/02 Motor Vehicle Installment Sale Contract)).

        The plaintiff decided to return the car.  On August 22,
2005, the plaintiff returned the car to an automobile agency, per
the Bank's instructions.  The car was sold, and the proceeds were
applied to the plaintiff's loan.  By letter dated October 7,
2005, Ms. Reithmeier informed the plaintiff that he still owed
$9,486.81 on the loan.  (Am. Compl. ¶¶ 12-14, Ex. A (8/22/05
Condition Report of Repossessed Vehicle), Ex. C (10/7/05 Loan
History Recap), Ex. D (10/7/05 Letter from Reithmeier to

_____

        [2]    On a motion for summary judgment, a court must view the
evidence and draw reasonable inferences therefrom in the light
most favorable to the party opposing summary judgment.  See,
e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
The party opposing summary judgment "may not rest upon the mere
allegations or denials of [his or her] pleading," however.  Fed.
R. Civ. P. 56(e).  Summary judgment is proper if the pleadings
and other evidence on the record "show that there is no genuine
issue as to any material fact and that the moving party is
entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).

Berkery)).

In her October 7 letter, Ms. Reithmeier noted that the car had been "voluntarily repossessed."  The Bank subsequently informed the credit reporting agencies, however, that the plaintiff's car had been "involuntarily" repossessed.  The plaintiff discovered this error in his credit reports sometime in the fall of 2005.  (Am. Compl. ¶ 20, Ex. D (10/7/05 Letter from Reithmeier to Berkery)).

The plaintiff filed the instant lawsuit on November 28, 2005.

On November 30, 2005, the Bank received a credit dispute response form from the Experian reporting agency regarding the plaintiff's loan.  The dispute form stated: "NOT INVOLUNTARY REPOSSESSION.  I FILD SUIT IN FED. CT. V. THIS CREDITOR ON 11/28/05.  REMOVE WHILE IN DISPUTE."  (Aff. of Rochelle Reithmeier, Ex. A (11/30/05 Experian Dispute Response)).

On December 12, 2005, the Bank received a similar credit dispute response form from the Equifax reporting agency. This form stated: "CONSUMER STAETS THAT THIS WAS A VOLUNTARY REPO NOT INVOLUNTARY CLAIMS CURRENT LAWSUIT PENDING . . . AND THAT THE ACCOUNT SHOULD BE DLETED BASED ON FRAUDULENT CHARGES."  (Aff. of Rochelle Reithmeier, Ex. B (12/05/05 Equifax Dispute Response)).[3]

---

[3]      In her affidavit, Ms. Reithmeier states that the Bank did not receive a credit dispute response form from the third major credit reporting agency, Trans Union.  In his opposition to

The following day, the plaintiff wrote directly to Ms. Reithmeier.  The plaintiff demanded that Ms. Reithmeier "not only delete any reference to an involuntary repossession . . . but also that [she] delete any reference whatsoever to [the plaintiff's] account with [the Bank]" until the resolution of the instant litigation.  (Am. Compl. Ex. H (12/13/05 Berkery Letter to Reithmeier)).

The Bank responded to both the Experian and Equifax disputes on December 20, 2005.  Ms. Reithmeier corrected the credit notation regarding the repossession of the plaintiff's car from "involuntary" to "voluntary."  She did not change information regarding the amount owed on the loan, however. (Aff. of Rochelle Reithmeier ¶¶ 5-7, Ex. A (11/30/05 Experian Dispute Response), Ex. B (12/05/05 Equifax Dispute Response)).

On January 9, 2006, in a letter to the plaintiff's attorney regarding another matter, Equifax's attorney noted that the Bank had verified the plaintiff's account to be correct. (Am. Compl. Ex. I (1/9/06 Perling Letter to Simone)).

The plaintiff amended his complaint on January 11, 2006.

---

the defendants' motion for summary judgment, the plaintiff explains that, as a result of an arbitration hearing in another matter on November 15, 2005, Trans Union had agreed to delete all information concerning the Bank's loan.  (Aff. of Rochelle Reithmeier ¶ 4; Pl.'s Opp'n to Mot. for Summ. J. at 11.)

II.  <u>Analysis of FCRA Claim</u>

       Count I of the amended complaint alleges that the defendants willfully and knowingly furnished false credit information to credit reporting agencies, in violation of the FCRA.  The defendants have moved for summary judgment on Count I on the grounds that they: (1) timely corrected the information they gave to the credit reporting agencies regarding the nature of the repossession of the plaintiff's car, and (2) correctly calculated and reported the amount the plaintiff owed on his loan.

      A.  <u>Information Regarding the Repossession</u>

       Section 1681s-2 of the FRCA imposes certain responsibilities upon persons who furnish information to credit reporting agencies.  Subsection (a) imposes a general duty to report accurate information.  Subsection (b) imposes a duty to respond to consumers' disputes about reported information.  15 U.S.C. § 1681s-2.

       "[A]fter receiving notice pursuant to [15 U.S.C. § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the person who provided the information must:

    (A)  conduct an investigation with respect to the disputed information;
    (B)  review all relevant information provided by the consumer reporting agency . . .

(C)   report the results of the investigation to the consumer
     reporting agency;
(D)   if the investigation finds that the information is
     incomplete or inaccurate, report those results to all
     other consumer reporting agencies . . . ; and
(E)   if an item of information disputed by a consumer is
     found to be inaccurate or incomplete . . .
     (i) modify that item of information;
     (ii) delete that item of information; or
     (iii) permanently block the reporting of that item of
     information.

15 U.S.C. § 1681s-2(b)(1).[4]

       The information provider must complete the
investigation and make any necessary corrections within thirty
days.  15 U.S.C. § 1681s-2(b)(2) ("A person shall complete all
investigations, reviews, and reports required under paragraph (1)
. . . before the expiration of the period under [15 U.S.C. §
1681i(a)(1)].").[5]

       Private plaintiffs may sue information providers for
failing to respond to a consumer dispute under § 1681s-2(b).  15
U.S.C. § 1681n (civil liability for willful noncompliance with
FCRA requirements); 15 U.S.C. § 1681o (civil liability for
negligent noncompliance with FCRA requirements).

---

[4]   15 U.S.C. § 1681i(a)(2) provides that, within five days
of receiving a consumer dispute, a consumer reporting agency must
give notice of the dispute to the person who provided the
disputed information.

[5]   15 U.S.C. § 1681i(a)(1)(A) provides that a consumer
reporting agency must conduct a reinvestigation within thirty
days of receiving a consumer dispute.  15 U.S.C. § 1681i(a)(1)(B)
provides that the thirty-day period may be extended by up to
fifteen days.

Here, the plaintiff argues that the defendants violated the FCRA by reporting that his car had been "involuntarily" repossessed and failing to correct that notation in a timely manner after he disputed it.  The evidence on the record shows that the defendants changed the "involuntary" notation to "voluntary" on December 20, 2005, twenty days after receiving the Experian dispute and eight days after receiving the Equifax dispute.  The defendants' response was therefore timely under § 1681s-2(b)(2).

In his opposition to the defendants' motion for summary judgment, the plaintiff asserts that he requested reinvestigation as early as September 2005.  (Pl.'s Opp'n to Mot. for Summ. J. at 11.)  The plaintiff has not submitted any evidence to support this assertion, however.[6]  The plaintiff, therefore, has not

---

[6]     The plaintiff's opposition brief referred to an "Affidavit of John C. Berkery, Sr., attached hereto," but no such affidavit was attached.  In its Order of June 27, 2006, the Court permitted the plaintiff to submit the affidavit he had intended to attach, if such an affidavit existed.  In its Order of July 20, 2006, the Court ordered the plaintiff to submit the affidavit no later than August 3, 2006.

On August 3, 2006, the plaintiff submitted an affidavit dated August 1, 2006.  This affidavit could not have been the one to which the plaintiff referred, and intended to attach to, his opposition brief, which was filed on May 31, 2006.

Even if the Court were to accept the untimely affidavit, the affidavit does not establish that the defendants received notice of any dispute from Experian or Equifax in September 2005.  The plaintiff states that he asked his attorney, Robert F. Simone, to request a reinvestigation by the three credit reporting agencies.  The plaintiff does not have personal

raised a genuine issue of material fact as to whether the defendants failed to correct the information regarding the repossession of his car in a timely manner.[7]

The plaintiff also argues that the defendants engaged in multiple violations of § 1681s-2(a).  (Pl.'s Opp'n to Mot. for Summ. J. at 12-13.)  Private plaintiffs do not have a right of action against information providers for violations of § 1681s-2, subsection (a), however.  See 15 U.S.C. § 1681s-2(c) (civil liability provisions of FCRA do not apply to subsection (a)); 15 U.S.C. § 1681s-2(d) (subsection (a) shall be enforced exclusively by federal and state officials).

DiPrinzio v. MBNA Am. Bank, N.A., No. 04-872, 2005 U.S. Dist. LEXIS 18002 (E.D. Pa. Aug. 24, 2005) does not support the plaintiff's argument.  That case concerned whether § 1681h(e) of the FCRA gives information providers immunity from state law claims.  Id. at *9-13.  DiPrinzio did not address the question of

---

knowledge that Mr. Simone actually submitted an effective reinvestigation request to any of the agencies in September 2005, however.  Nor does the plaintiff have personal knowledge that Trans Union notified the defendants of a dispute before November 15, 2005.  Finally, the plaintiff states that he personally contacted Ms. Reithmeier in September 2005.  Under the FCRA, however, a credit information provider's duty to reinvestigate is triggered only upon notice of a dispute from a credit reporting agency pursuant to 15 U.S.C. § 1681i(a)(2).  See 15 U.S.C. § 1681s-2(b)(1).

[7]    The January 9, 2006 letter from Equifax's attorney to the plaintiff's attorney did not discuss the notation regarding the repossession of the car.

whether private plaintiffs could bring suit for violations of §
1681s-2(a).


B.   Information Regarding the Amount Owed on the Loan

The plaintiff argues that the defendants also violated
the FCRA by miscalculating and misreporting the amount owed on
his loan.  The plaintiff has not submitted any evidence showing
that the defendants' calculations, as reflected in the October 7,
2005 Loan History Recap and letter from Ms. Reithmeier to the
plaintiff, are incorrect.  The plaintiff attached two
calculations to his complaint, showing what his loan balance
should have been assuming that he made timely monthly payments on
his loan.  (Compl. Ex. F (Amortization Calculator), Ex. G
(Monthly Auto Loan Payment Monthly Calculator)).  The plaintiff
has not provided evidence to show that he always made timely
payments (i.e., that his actual payment history matched these
calculations), however.


III. State Law Claims

Because the parties are not diverse, the FCRA claim is
the sole basis for the Court's subject matter jurisdiction.  The
Court will decline to exercise pendent jurisdiction over the
plaintiff's state law claims.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN C. BERKERY, SR.          :          CIVIL ACTION
                              :
        v.                    :
                              :
BENEFICIAL BANK, et al.       :          NO. 05-6170


ORDER


        AND NOW, this 7th day of August, 2006, upon

consideration of the defendants' motion for summary judgment

(Doc. No. 15), the plaintiff's opposition, and the defendants'

reply thereto, IT IS HEREBY ORDERED that the defendants' motion

is GRANTED for the reasons stated in a memorandum of today's

date.  Judgment is hereby entered in favor of the defendants, and

against the plaintiff.


        This case is closed.


                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.